IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-99-CR-0189-H |
| | § | NO. 3-06-CV-0645-H |
| JOSE R. FLORES, JR. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Jose R. Flores, Jr., appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Defendant was convicted on six counts of causing the delivery of threatening communications with the intent to extort money in violation of 18 U.S.C. § 876. Punishment was assessed at 365 months confinement followed by supervised release for a period of three years. His conviction and sentence were affirmed on direct appeal. *United States v. Flores*, No. 01-10036, 33 Fed.Appx. 703 (5th Cir. Feb. 28, 2002). Defendant also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The motion was denied on the merits. *United States v. Flores*, No. 3-02-CV-0592-H, 2002 WL 31495986 (N.D. Tex. Nov. 5, 2002).

Defendant now seeks post-conviction relief for a second time. In two related grounds, defendant contends that he was denied effective assistance of counsel on appeal. Before addressing these claims, the court must determine whether defendant can file a successive section 2255 motion without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE